# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD SHAWD BLACKBURN, | Civil Action No. 2:14-cv-1752 |
| Petitioner, | |
| | United States District Judge |
| v. | David S. Cercone |
| | |
| DEPARTMENT OF CORRECTIONS; | United States Magistrate Judge |
| KATHLEEN KANE, The Attorney General | Cynthia Reed Eddy |
| of the State of Pennsylvania; JAMEY | |
| LUTHER, Superintendent of SCI Laurel | |
| Highlands, | |
| | |
| Respondents. | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the petition for writ of habeas corpus filed by Petitioner, Petitioner Edward Shawd Blackburn (ECF No. 4) be dismissed with prejudice as untimely and that a certificate of appealability be denied.

**II.    REPORT**

   **A.    Relevant and Procedural Background**

Petitioner, Edward Shawd Blackburn ("Petitioner" or "Blackburn"), a prisoner at State Correctional Institution – Laurel Highlands, challenges his judgment of sentence of not less than ten (10) nor more than twenty (20) years entered on April 6, 2010, in the Court of Common Pleas of Allegheny County, docketed at CP-02-CR-0008113-2009, for one count of aggravated assault. Blackburn filed a timely notice of appeal and on May 31, 2011, the Superior Court of Pennsylvania affirmed his judgment of sentence and on March 1, 2012, the Supreme Court of Pennsylvania denied further review.

On April 17, 2012, Blackburn sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 – 9546. On January 8, 2013, the PCRA court denied Blackburn's PCRA Petition. Blackburn filed a timely Notice of Appeal and on November 13, 2013, the Superior Court of Pennsylvania affirmed. Blackburn did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court.

On December 23, 2014, Blackburn filed the instant federal habeas petition.[1] Respondents filed an Answer, in which they argue, *inter alia*, that the petition is untimely filed and not entitled to equitable tolling. (ECF No. 17 at 14). Blackburn did not file a reply. *See* LCvR 2254(E)(2) ("Although not required, the petitioner may file a Reply (also known as a "Traverse") within 30 days of the date the respondent files its Answer.").

**B.     Discussion**

1. *Timeliness*

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 Pub.L.No. 104-132, 110 Stat. 1214, enacted on April 24, 1996 ("AEDPA"). AEDPA imposes a one-year limitations period applicable to state prisoners. 28 U.S.C. § 2244(d)(1). Generally, the limitations period begins on the date the petitioner's judgment of sentence became final "by the

---

[1] On this day, Blackburn submitted for filing his Petition for Writ of Habeas Corpus, but he did not submit with it the required filing fee or motion for leave to proceed *in forma pauperis*. Shortly thereafter, this Court instructed the Clerk to mark this case closed for Blackburn's failure to pay the filing fee or submit a motion for leave to proceed i*n forma pauperis*. On or about February 9, 2015, Blackburn paid the filing fee. Consequently, the case was reopened and Blackburn's habeas petition was docketed on February 9, 2015.

Despite Blackburn's failure to submit the filing fee or a proper motion for leave to proceed *in forma pauperis*, the undersigned will give Blackburn the benefit of the prisoner mailbox rule and use December 23, 2014, the date the petition was signed and placed in the prison mail system, as the filing date.

conclusion of direct review or the expiration of the time for seeking such review."[2]  *Id*. § 2244(d)(1)(A).  This limitations period also may be statutorily or equitably tolled for various circumstances.  *Id*. at § 2244(d)(2); *Holland v. Florida*, 560 U.S. 631, 645 (2010).

Blackburn's judgment of sentence became final on May 30, 2012, when his time to file a petition for certiorari with the Supreme Court of the United States expired.  *See* 42 Pa.C.S.A. § 9545(b)(3).  Blackburn needed to file his federal habeas petition within one year of his final judgment date, or by May 30, 2013.  Blackburn's petition is untimely unless he establishes that the limitations period should be tolled so as to make his petition timely.

2. *Statutory Tolling*

The federal limitations period may be tolled during the time a "properly filed" state collateral proceeding is pending.  28 U.S.C. § 2244(d)(2); *see Pace v. DiGuglielmo,* 544 U.S. 408, 415-17 (2005).

Blackburn timely filed his PCRA petition on April 17, 2012.  The Superior Court affirmed the PCRA court's decision to dismiss the PCRA Petition on November 13, 2013.  Blackburn did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.

---

2   Alternatively, one of the following start dates may apply if established by a petitioner:

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D); see also *Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982) (petitioner must prove "all facts entitling him to" habeas relief).  There is no indication from the record that any of these start dates should apply to this case.

Thus, the state court appeal became final on December 13, 2013, thirty days after the decision of the Superior Court. Starting on December 16, 2013,[3] AEDPA's limitations period begun to run. Since the PCRA petition statutorily tolled AEDPA's statute of limitations period, Blackburn had 365 days, or until December 16, 2014, to file a timely habeas petition in federal court. Because he did not file his habeas petition until December 23, 2014, seven days after the time period expired, statutory tolling does not make Blackburn's petition timely.

    3.    *Equitable Tolling*

The Supreme Court of the United States has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. *See also Munchinski v. Wilson,* 694 F.3d 308, 329–32 (3d Cir. 2012). "This conjunctive standard requires showing both elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

Blackburn has not met his burden of demonstrating that he is entitled to equitable tolling. He has not directed this Court to anything that would qualify as an "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. He also has not shown that he was diligent in filing his federal habeas corpus petition, which, as already noted, was untimely by approximately seven days.[4]

---

[3]     Because the next day fell on a Saturday, the AEDPA's limitations period began to run the on Monday, December 16, 2013. *See* 1 Pa. C.S. § 1908.

[4]     On December 23, 2014, Blackburn also filed a second PCRA petition in state court. Because this second PCRA petition was filed well after the one-year PCRA statute of limitations expired, it cannot serve to statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2) as it does not qualify as a "properly filed application for State post-conviction or other collateral

4

For these reasons, the Court finds that Blackburn has failed to meet his burden of proving that equitable tolling is appropriate in this case. *See Pace*, 544 U.S. at 418 (the petitioner bears the burden of establishing both diligence and some extraordinary circumstance). Blackburn has not shown that this is one of those "rare situations," *Sistrunk*, 674 F.3d at 190, in which equity permits tolling.

**D.    Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard here, the Court concludes that jurists of reason would not find it debatable that the claims in the petition are time-barred and that Blackburn is not entitled to equitable tolling. Accordingly, a certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed fourteen (14) days after service of this Report and Recommendation, to file written Objections to this Report

---

review." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (quotation marks and brackets deleted).

and Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                                    s/ Cynthia Reed Eddy
                                                    Cynthia Reed Eddy
                                                    United States Magistrate Judge

Dated: July 7, 2016

cc:     EDWARD SHAWND BLACKBURN
        JM1293
        5706 Glades Pike, PO Box 631
        Somerset, PA 15501
        (via U.S. First Class Mail)

        Ronald M. Wabby, Jr.
        Office of the District Attorney
        (via ECF electronic notification)